*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARIO CORTIZE JACKSON,

        Defendant-Appellant.

FOR PUBLICATION
August 29, 2024

No. 366078
Wayne Circuit Court
LC No. 21-004539-01-FH

Before: O'BRIEN, P.J., and CAVANAGH and SHAPIRO*, JJ.

O'BRIEN, P.J. (*concurring*).

I agree with the result reached by the majority, but I disagree with its reasoning in two respects.

First, unlike the majority, I do not perceive any "tension" between *People v McGraw*, 484 Mich 120; 771 NW2d 655 (2009), and *People v Laidler*, 491 Mich 339; 817 NW2d 517 (2012). *McGraw* held that, when scoring OVs, courts cannot use post-offense conduct. *McGraw*, 484 Mich at 122. *Laidler* had nothing to do with post-offense conduct, nor does anything in that opinion suggest that it did. As relevant to this case, *Laidler* held that, when a person is killed during the commission of a non-homicide offense, whether the person's death "result[ed] from the commission" of the crime for purposes of OV 3 is a question of factual causation. *Laidler*, 491 Mich at 344-346. Despite being decided only three years after *McGraw*, *Laidler* never cited *McGraw*, suggesting that our Supreme Court did not see the cases as related.

Regardless, to any extent that the majority is correct that *Laidler* was in "tension" with *McGraw*, this Court in *People v Biddles*, 316 Mich App 148, 165; 896 NW2d 461 (2016), resolved the tension by clarifying that OV3 does not allow courts to consider post-offense conduct pursuant to *McGraw*, even after *Laidler*. See *id.* (explaining that courts "can only take into consideration defendant's sentencing offense for purposes of scoring OV 3"). *Biddle* addressed how *Laidler* and *McGraw* fit together in the context of addressing whether it was appropriate to score 100 points for OV3—the same issue presented by this case.

_____

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

-1-

Second, and more substantively, I disagree with the majority's analysis of OV1. The trial court scored 25 points for OV1 based on uncharged conduct—the shooting of Cherron Ely and Ricardo Payne. That is made plain by the trial court's analysis.[1] Defendant was not acquitted of that shooting, so it does not constitute acquitted conduct that the trial court was barred from considering under *People v Beck*, 504 Mich 605; 939 NW2d 213 (2019). Rather, the shooting was post-offense conduct, which the court could not consider under *McGraw*.

/s/ Colleen A. O'Brien

---

[1] Explaining its scoring of 25 points for OV1, the court said:

> So I think when considering the [presentence investigation report], which the Court can, and when evaluating it by a preponderance of the evidence standard which is the standard in assessing guidelines, I think you can say that the fact that [defendant] had a gun, that the other two individuals that arrived had bullet holes in their car and in addition to bullet holes in their bodies the Court can find that by a preponderance of the evidence, considering there's no indication that Miss Latisha Ely had a gun, that those bullets came from [defendant's]. So I think when looking at OV-1, it says a firearm was discharged at or towards a human being or victim, was cut or stabbed with a knife or other cutting or stabbing weapon, I think that can be shown here. So the Court is going to keep OV-1 at twenty-five.